# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DEAN E. BOWER,**
**Claimant Below, Petitioner**

**vs.)    No. 18-0610** (BOR Appeal No. 2052460)
(Claim No. 2016032356)

**MONONGALIA GENERAL HOSPITAL,**
**Employer Below, Respondent**

**FILED**

**April 25, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Dean E. Bower, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Monongalia General Hospital, by Steven K. Wellman, its attorney, filed a timely response.

The issues on appeal are temporary total disability benefits and medical benefits. The claims administrator denied an L5-S1 posterior lateral inter-body fusion on December 16, 2016. In a separate Order the same day, the claims administrator closed the claim for temporary total disability benefits. On February 27, 2017, the claims administrator denied a request to set aside the closure of the claim for temporary total disability benefits. On June 9, 2017, the claims administrator again denied authorization of an L5-S1 posterior lateral inter-body fusion. In a separate decision that day, it also denied a request for a lumbar CT scan. The Office of Judges affirmed the decisions in its January 12, 2018, Order. The Order was affirmed by the Board of Review on June 7, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bower, a registered nurse case manager, was injured in the course of his employment on June 20, 2016, when the elevator he was riding in abruptly stopped. The claim was held compensable for strain of muscle, fascia, and tendon of the lower back and left knee sprain. Mr. Bower sought treatment from Robert Marsh, M.D. On September 14, 2016, Dr. Marsh treated Mr.

1

Bower for lumbar and bilateral hip pain after an elevator abruptly stopped twice at work. It was noted that he had lumbar surgery in the past. X-rays showed L5-S1 spondylolisthesis. A lumbosacral MRI performed on June 29, 2016, also showed L5-S1 spondylolisthesis. Dr. Marsh diagnosed low back pain and leg pain. He opined that Mr. Bower would need surgery. He requested authorization for an L5-S1 posterior lateral inter-body fusion on September 19, 2016, for the diagnoses of lumbar spondylolisthesis and lumbar radiculopathy.

Howard Senter, M.D., a neurosurgeon, performed an independent medical evaluation on October 22, 2016. He noted that Mr. Bower reported no history of back or left leg pain in the past twenty years. However, he admitted that he had surgery for the L5-S1 disc in the 1980s. Mr. Bower denied being informed that his prior surgery was due to a congenital bone defect. Dr. Senter diagnosed congenital defect/development defect at L5-S1. He opined that the condition is not traumatic, nor is it the cause of Mr. Bower's left buttock pain, bladder dysfunction, or sexual dysfunction. Dr. Senter stated that Mr. Bower would not benefit from a L5-S1 fusion and that he could return to work without restriction. Dr. Senter also found that Mr. Bower had not undergone adequate conservative therapy and should have steroid shots. Dr. Senter found no indication that the compensable injury caused Mr. Bower's preexisting L5-S1 defect to become symptomatic. He also opined that he suffered, at most, a lumbar sprain due to the elevator drop he experienced at work.

Dr. Marsh stated in an October 26, 2016, treatment note that Mr. Bower had surgery at L5-S1 in the late 1980s and had an L3 fracture due to a motorcycle injury. He found that Mr. Bower did well until the compensable injury occurred. Dr. Marsh referred Mr. Bower for epidural steroid injections and facet blocks at L5-S1. On November 28, 2016, he opined that Mr. Bower should be off of work and needs to be evaluated at a pain clinic.

On December 2, 2016, Mr. Bower sought treatment from Ahmed Mahmoud, M.D. Dr. Mahmoud diagnosed lumbar disc degeneration, lumbar spondylosis, and lumbar radiculopathy. He prescribed medication, gave Mr. Bower an L5-S1 epidural injection, and took him off of work for one month. Mr. Bower had an additional injection on January 16, 2017. On February 6, 2017, he reported that the injections helped 95% and lasted for four days. The diagnoses remained the same. On December 16, 2016, the claims administrator denied an L5-S1 posterior lateral inter-body fusion. In a separate decision that day, it also closed the claim for temporary total disability benefits.

Mr. Bower testified in a February 10, 2017, deposition that he was riding an elevator on the day of his injury when it stopped on a floor, jerked, and then fell some more. This happened two times before he was able to depart the elevator. He immediately felt low back pain and stinging in his left knee. He sought treatment that day and then returned to finish his shift. The symptoms intensified throughout the day so he sought additional treatment. Mr. Bower stated that after his lumbar surgery in the 1980s, he had no problems and did not have follow up care until the compensable injury.

On February 27, 2017, the claims administrator denied a request to set aside the closure of the claim and reinstate temporary total disability benefits. Mr. Bower returned to Dr. Mahmoud

on March 8, 2017, for lumbar disc degeneration, lumbar spondylosis, and lumbar radiculopathy. It was noted that injections were no longer providing much benefit. On April 6, 2017, Mr. Bower was treated by Abby Hann, PA-C for Dr. Marsh. Ms. Hann noted that Mr. Bower needed a new MRI as the one on file was outdated. She diagnosed back pain, left leg pain, degeneration of lumbar discs, and congenital lumbar spine PARS defect. The lumbosacral MRI was performed on April 20, 2017, and showed chronic bilateral PARS defects and annular fissures at L4-5 and L5-S1.

Mr. Bower returned to Dr. Marsh on April 20, 2017, and Dr. Marsh ordered a CT scan to rule out pedicle fracture at L5. He diagnosed left leg pain, low back pain, urinary incontinence, spondylolisthesis, and pins and needle sensation in the lumbar spine. The lumbar CT scan was performed on April 27, 2017, and showed bilateral L5 chronic PARS defect, mild degenerative endplate irregularity at L5-S1, disc bulging and mild stenosis at L4-5, and facet hypertrophy at L4-5 and L5-S1.

On April 27, 2017, Lindsay Mikeo, PA-C for Dr. Marsh, noted that Mr. Bower would undergo lumbar surgery soon. The diagnoses were PARS defect of the lumbar spine, back pain, left leg pain, and lumbar spondylolisthesis. Mr. Bower indicated that he wished to proceed with surgery. Dr. Marsh requested authorization for an L5-S1 posterior lateral inter-body fusion for the diagnoses of lumbar spondylolisthesis and lumbar radiculopathy. The claims administrator denied the request on June 9, 2017. In a separate decision that day, it also denied a request for a lumbar CT scan.

Kelly Agnew, M.D., performed an independent medical evaluation on September 6, 2017, in which he found that Mr. Bower underwent an authorized partial meniscectomy of the left knee. He assessed 1% impairment for the knee. Dr. Agnew stated that Mr. Bower underwent a lumbar fusion in May of 2017 which limited his examination. Dr. Agnew concluded that Mr. Bower had reached maximum medical improvement for his compensable low back strain. He assessed 0% lumbar impairment due to the compensable injury. Dr. Agnew opined that the medical records show no progression or aggravation of the compensable injury which would justify continued temporary total disability benefits. In an October 31, 2017, addendum, Dr. Agnew stated that he had reviewed additional records. He opined that the lumbar fusion is the cause of Mr. Bower's limitations on examination as he had not yet fully recovered from the procedure. However, the surgery is not related to the compensable injury, which was a lumbar sprain. Dr. Agnew stated that the PARS defect and spondylolisthesis are clearly preexisting. There was no suggestion of an acute injury on the MRI.

The Office of Judges affirmed the claims administrator's decisions denying authorization of an L5-S1 posterior lateral inter-body fusion surgery, closure of the claim for temporary total disability benefits, and a lumbar CT scan in its January 12, 2018, Order. It found that Dr. Senter determined Mr. Bower had reached maximum medical improvement in his October 22, 2016, independent medical evaluation. He opined that a fusion would not benefit Mr. Bower. Dr. Agnew performed a second independent medical evaluation on September 6, 2017, and also determined that Mr. Bower had reached maximum medical improvement. He stated that the only conditions caused by the compensable injury were a lumbar sprain/strain and a left knee sprain. He found no evidence that the preexisting PARS defect was aggravated or altered by the compensable injury.

3

He further opined that the lumbar fusion was to treat the preexisting conditions and not the compensable sprain/strain. Dr. Agnew stated that any ongoing disability was related to noncompensable conditions. The Office of Judges therefore concluded that Mr. Bower had reached maximum medical improvement for his compensable injury and that the requested surgery is not necessary to treat the compensable lumbar sprain. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on June 7, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. A preponderance of the evidence shows that Mr. Bower sustained lumbar and left knee sprains as a result of the compensable injury. The requested surgery is clearly aimed at treating his preexisting conditions. Dr. Marsh requested authorization for the L5-S1 posterior lateral inter-body fusion for the diagnoses of lumbar spondylolisthesis and lumbar radiculopathy, neither of which are compensable conditions in the claim. The lumbar CT scan was requested to rule out an L5 fracture, which is not related to the compensable injury. Temporary total disability benefits were also properly denied as Mr. Bower has reached maximum medical improvement for his compensable conditions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** April 25, 2019

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4